

Nixon Peabody LLP
275 Broadhollow Road
Suite 300
Melville, New York 11747

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Christopher J. Moro**
Associate

T / 516.832.7632
F / 844.544.7435
cmoro@nixonpeabody.com

July 13, 2023

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court for the
 Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      RE:      **Juan A. Molina v. John Jay Institute for Justice and Opportunity, et al.**
                  **No. 23-cv-1493 (JMF)**

Dear Judge Furman:

      This firm represents defendants Research Foundation of The City University of New York ("RFCUNY"), Susan Batkin and Katheryne Ralph (collectively, the "RFCUNY Defendants"). We write on behalf of all defendants, to request that Your Honor stay defendants' time to respond to the Complaint and order that defendants' deadline to respond to Plaintiff's forthcoming amended complaint be 45 days after that amended pleading is filed.

      By way of background, on May 22, 2023, the RFCUNY Defendants filed a letter on behalf of all Defendants requesting an extension of time to respond to Plaintiff's Complaint and for an adjournment of the Initial Conference. [ECF Doc. No. 38]. Also on May 22, 2023, Plaintiff filed a letter in response to RFCUNY's letter motion explaining her position with respect to the Initial Conference and stating that "Plaintiff respectfully submits that he would like to amend his complaint." [ECF Doc. No. 39]. The Court granted Defendants' request.

      On June 8, 2023, I emailed Special Hagan, Esq., Plaintiff's counsel, asking when she intended to amend the Complaint in an attempt to establish a schedule for Plaintiff's amendment and for defendants' responses to that amended complaint, which would avoid defendants having to unnecessarily respond to a Complaint which Plaintiff has already indicated will not be the operative pleading in this case. On June 14, 2023, Ms. Hagan responded saying that she [did not] have a response to [my] query at this time," and that she was "sure the Court will grant whatever request you make."

Hon. Jesse M. Furman, U.S.D.J.
July 13, 2023
Page 2 of 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

On July 8, 2023, I emailed Ms. Hagan again attempting to clarify her position and explained that defendants intended to write to the Court asking that their deadline to respond to the Complaint be stayed so that Plaintiff could amend her complaint, consistent with her May 22 Letter to the Court. Ms. Hagan's position on that request is a bit difficult to discern. Her reply appears to address an adjournment of the Initial Conference, which was not the subject of defendants' request. Ms. Hagan offered to consent to adjourn the Initial Conference in exchange for defendants agreeing not to move against the forthcoming amended complaint. The RFCUNY Defendants, obviously, cannot agree to waive moving against an amended complaint that it has not yet seen and declined this offer. A copy of my email exchanges with Ms. Hagan are enclosed for the Court's review. Notably, at no time since Ms. Hagan's May 22 Letter has she suggested that she no longer intends to amend the complaint.

Given this background, the RFCUNY Defendants write to request, on behalf of all defendants, that the Court stay defendants' time to respond to the Complaint and further order that defendants' deadline to respond to Plaintiff's forthcoming amended complaint be 45 days after it is filed. Notwithstanding Plaintiff's murky position on this request, the requested extension is appropriate. First, there is absolutely no reason for all defendants to spend time, money and resources responding to a pleading which Plaintiff has already advised the Court will not be the operative pleading in this case. Second, counsel for defendant Ann Jacobs only recently appeared in this action on July 7, 2023. This extension would permit Ms. Jacobs' counsel to investigate the lengthy allegations in this matter and respond accordingly once the amended complaint is filed.

Thank you for your consideration of this request. Should Your Honor have any questions, we can be made available at the Court's convenience.

Respectfully submitted,

/s/ Christopher J. Moro

Christopher J. Moro

cc: All counsel of record

Application DENIED. Defendants' request makes little sense in light of the fact that, pursuant to Rule 15(a)(1)(B), Plaintiff would be entitled to amend as of right after Defendants file an answer or motion to dismiss. The Clerk of Court is directed to terminate ECF No. 45.

SO ORDERED.

*[signature]*

July 13, 2023

4877-5398-3600.3